# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALKESH PATEL,<br>    Plaintiff, | CIVIL ACTION |
| v. | |
| JOSEPH VACCARO, ESQUIRE, and<br>ERIE LAW CENTER,<br>    Defendants. | NO. 17-2963 |

DuBois, J.                                         July 19, 2018

## **M E M O R A N D U M**

### I.   INTRODUCTION

This legal malpractice case arises out of Joseph Vacarro and the Erie Law Center's ("defendants") legal representation of Alkesh Patel ("plaintiff") in a case regarding a physical altercation between plaintiff and Pratik Patel. Default was entered by the Clerk of Court and the Court granted plaintiff's Motion to Enter Default Judgment. A Damages Hearing was held on February 7, 2018.

Based on the following Findings of Fact and Conclusions of Law, judgment is entered in favor of plaintiff and against defendants, jointly and severally, for compensatory damages in the amount of $556,923 and punitive damages in amount of $100,000, for a total judgment of $656,923.

### II.   PROCEDURAL BACKGROUND

On April 29, 2014, plaintiff filed a Complaint against Pratik Patel in the Court of Common Pleas of Philadelphia County, asserting claims for assault and battery arising out of a physical altercation that took place on March 22, 2014. Pratik Patel removed the case (the "underlying action") to this court and filed counterclaims against plaintiff for, *inter alia*, assault,

battery and defamation. On February 10, 2016, judgment was entered on Pratik Patel's counterclaims in favor of Pratik Patel and against Alkesh Patel in the amount of $1,322,500. Plaintiff thereafter retained the law firm of Obermayer Rebmann Maxwell & Hippel LLP ("Obermayer"), who appealed and negotiated a settlement of the underlying action for $375,000.

On June 30, 2017, plaintiff brought the present action against Vaccaro and Erie Law Center for legal malpractice and breach of contract relating to defendants' representation of plaintiff in the underlying action. The case was thereafter transferred from the calendar of Judge Robert F. Kelly, who presided over the underlying action, to this Court by Order dated July 5, 2017.

The Complaint was properly served on defendants on July 11, 2017. Defendants failed to respond to the Complaint as required by law. Accordingly, a default was entered by the Clerk of Court on August 10, 2017. *See* Fed. R. Civ. P. 55(a). Thereafter, plaintiff filed a Motion to Enter Default Judgment on September 25, 2017. By Order dated December 4, 2017, the Court granted plaintiff's Motion to Enter Default Judgment and entered judgment in favor of plaintiff and against defendants. The Court held a Damages Hearing on February 7, 2018. Notwithstanding notice to defendants, they did not appear at the Hearing.

**III.   FINDINGS OF FACT**

1. Plaintiff is, and was at the time the suit was initiated, a resident, citizen, and domiciliary of the State of Washington, residing at 511 NE 138th Avenue, Vancouver, Washington.

2. Defendant Jospeh Vacarro, Esquire is an attorney licensed to practice law in Pennsylvania with a business address at 5918 Torresdale Avenue, Philadelphia, Pennsylvania. Vacarro is, and was at the time the suit was initiated, a resident, citizen, and domiciliary of the State of Pennsylvania, residing at 930 Delaware Avenue, Lansdale, Pennsylvania.

3. Defendant Erie Law Center is a registered business engaged in the practice of law with a principal place of business at 635 West Erie Avenue, Philadelphia, Pennsylvania. Vacarro is the registered owner of Erie Law Center.

4. Plaintiff retained defendants to represent him in a matter arising out of a physical altercation between plaintiff and Pratik Patel that took place during a March 22, 2014 industry convention at the Pennsylvania Convention Center in Philadelphia, Pennsylvania. Plaintiff and defendants entered into a Legal Services Agreement in which defendants agreed to provide legal representation to plaintiff regarding the altercation. Compl., Exhibit A.

5. On April 29, 2014, Vaccaro filed a Complaint on behalf of plaintiff against Pratik Patel in the Court of Common Pleas of Philadelphia. The Complaint asserted claims for assault and battery.

6. On May 23, 2014, Pratik Patel removed that case to this court, *Patel v. Patel*, Case No. 14-cv-02949. Pratik Patel then filed counterclaims against plaintiff for, *inter alia*, assault, battery and defamation.

7. Unbeknownst to plaintiff, defendants failed to take any action of record in the underlying case from May 23, 2014, to February 8, 2016. Specifically, defendants failed to respond to, *inter alia*, the following filings by Pratik Patel: Answer to Plaintiff's Complaint with New Matter and Counterclaims, First Amended Answer to Plaintiff's Complaint with New Matter and Counterclaims, Motion for Sanctions, Second Motion for Sanctions, Motion to Compel Discovery Responses, Motion to Dismiss Pursuant to Rule 37(b)(2)(A), Motion to Deem Admitted All Averments Made in Counter Plaintiff's Request for Admissions, Motion for Summary Judgment, Pretrial Memorandum, Motion in Limine, Proposed Points for Charge, Amended Proposed Points for Charge, and Admissions of Fact to be Read Into the Record.

8. Defendants failed to inform plaintiff of the court filings by Pratik Patel and failed to communicate with plaintiff to inform him of the status of the underlying action.

9. Defendants failed to investigate the facts of the counterclaims and never took any action regarding plaintiff's defense to Pratik Patel's counterclaims.

10. Defendants did not serve any discovery on plaintiff's behalf. Defendants either failed to respond to discovery requests served on plaintiff, or their responses were incomplete, untimely and prejudicial.

11. Defendants failed to respond to the Requests for Admission served on plaintiff. Defendants also failed to seek withdrawal of the admissions. On May 26, 2015, Pratik Patel filed a Motion to Deem Admitted All Averments Made in Counter Plaintiff's Request for Admissions. Because defendants failed to respond, the court granted Pratik Patel's Motion to Deem Admitted All Averments Made in Counter Plaintiff's Request for Admissions by Order dated June 30, 2015.

12. On May 26, 2015, Pratik Patel filed a Motion to Dismiss Pursuant to Rule 37(b)(2)(A) seeking to dismiss plaintiff's Complaint on the ground that plaintiff failed to respond to Pratik Patel's discovery requests. Defendants did not respond to the discovery requests, the Motions to Compel, or Pratik Patel's Motion to Dismiss Pursuant to Rule 37(b)(2)(A). Accordingly, the court dismissed plaintiff's Complaint with prejudice by Memorandum and Order dated July 17, 2015. Defendants did not inform plaintiff that his Complaint was dismissed.

13. On September 3, 2015, Pratik Patel filed a Motion for Summary Judgment on his counterclaims. Defendants failed to respond to the Motion for Summary Judgment. The court granted Pratik Patel's Motion for Summary Judgment on his counterclaims for assault, battery and defamation. By Memorandum and Order dated November 4, 2015, Judge Kelly stated, "As

of the filing of this Memorandum Opinion, Counter-Defendant has neither responded to the Motion for Summary Judgment nor moved to withdraw or amend any of the Rule 36 admissions."

14. The Court conducted a damages trial on Pratik Patel's assault, battery and defamation counterclaims from February 8 to 10, 2016. Plaintiff and Vaccaro attended the trial. Plaintiff was not aware until the beginning of the trial that the court granted Pratik Patel's Motion to Deem Admitted All Averments Made in Counter Plaintiff's Request for Admissions.

15. Vacarro presented no meaningful or effective defense on behalf of plaintiff at the damages trial. He conducted no meaningful or effective cross-examination of Pratik Patel or any other trial witness and he failed to adequately advise plaintiff of the opportunity to settle with Pratik Patel.

16. On February 10, 2016, judgment was entered in favor Pratik Patel and against plaintiff in the amount of $1,322,500.

17. Plaintiff retained the Obermayer law firm to pursue post-trial motion practice and an appeal. Obermayer filed a Renewed Motion for Judgment as a Matter of Law and Motion in the Alternative for a New Trial. The court denied plaintiff's Motions by Memorandum and Order dated May 25, 2016. In his Memorandum, Judge Kelly wrote, "While we agree that the lack of participation on the part of [Vacarro] was egregious, the remedy for such negligent conduct is a malpractice suit and not a new trial." The court wrote that Vaccaro's conduct was "egregious" and "negligent . . . beyond the negligence seen in earlier cases."

18. Plaintiff filed a Notice of Appeal on June 23, 2016. On April 17, 2017, after extensive negotiations, plaintiff and Pratik Patel agreed to settle the underlying action for $375,000.

19. Pursuant to the terms of the Settlement Agreement between plaintiff and Pratik Patel,

plaintiff has paid $250,000 of the $375,000 settlement payment to date. Mem. Supp. Mot. to Enter Def. J. 4. The Settlement Agreement provides that plaintiff shall pay the full $375,000 by June 30, 2019, and that plaintiff has the right to prepay any and all amounts due without penalty. Mem. Supp. Mot. to Enter Def. J. 4–5; Hr'g Tr. 9–10, Feb. 7, 2018.

20. Plaintiff incurred $27,500 in legal fees and costs to defendants for representation in the underlying action. Mot. to Enter Def. J., Exhibit B (Patel Aff.) ¶ 25; Hr'g Tr. 11, Feb. 7, 2018.

21. Plaintiff incurred $133,913 in attorneys' fees and $4,217.56 in costs to Obermayer for representation in the underlying action. Feb. 7, 2018 Damages Hearing, Exhibits 1 (summary of attorneys' fees and costs, *Pratik Patel v. Alkesh Patel*) and 2 (invoices, *Pratik Patel v. Alkesh Patel*); Mot. to Enter Def. J., Exhibit B (Patel Aff.) ¶ 35.

22. Plaintiff incurred $15,185 in attorneys' fees and $1,106.80 in costs to Obermayer for representation in this action. Feb. 7, 2018 Damages Hearing, Exhibits 3 (summary of attorneys' fees and costs, *Alkesh Patel v. Jospeh Vaccaro and Erie Law Center*) and 4 (invoices, *Alkesh Patel v. Jospeh Vaccaro and Erie Law Center*).

### IV. CONCLUSIONS OF LAW

23. The Court has jurisdiction based upon diversity of citizenship. 28 U.S.C. § 1332.

24. Liability against defendants for legal malpractice and breach of contract has been established through the issuance of a default pursuant to Federal Rule of Civil Procedure 55. *See, e.g.*, *Belmonte v. Spitzer*, No. 09-cv-4715, 2010 WL 2195651, at *1 (D.N.J. May 27, 2010) ("Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint."); *Transportes Aeros De Angola v. Jet Traders Inv. Corp.*, 624 F.Supp. 264, 266 (D. Del. 1985).

25. A default judgment "does not establish liability for the amount of damages

claimed by the plaintiff." *Belmonte*, 2010 WL 2195651, at *1. "If the damages are not for a 'sum certain or for a sum which can by computation be made certain', the 'court may conduct such hearings or order such references as it deems necessary and proper.'" *Comdye I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citations omitted) (quoting Fed. R. Civ. P. 55(b)(1)–(2)).

### A. Compensatory Damages: Settlement Payment

26. Under Pennsylvania law, a plaintiff's damages in a legal malpractice case include any underlying judgment entered as a result of a defendant's malpractice. *Ammon v. McCloskey*, 655 A.2d 549, 552–53 (Pa. Super. Ct. 1995). The judgment entered constitutes proof of actual damages and no further proof of economic harm is needed. *Id.* Plaintiff seeks to recover $375,000—the settlement amount of the underlying action—rather than the $1,322,500 judgment.

27. Plaintiff's decision to voluntarily settle the underlying action does not bar plaintiff from recovering the amount of the settlement in this legal malpractice action. *See White v. Kreithen*, 644 A.2d 1262, 1265 (Pa. Super. Ct. 1994) (holding that plaintiff could bring a legal malpractice claim against defendants-attorneys where plaintiff discharged defendants-attorneys and thereafter settled her claim).

28. The Court awards plaintiff $375,000 as compensation for the settlement payment to Pratik Patel.

### B. Compensatory Damages: Legal Fees Paid to Defendants

29. "[A]ttorneys' fees—both amounts paid by the client to the negligent attorney as well as expenses incurred by the client to prosecute its malpractice claim against the attorney—are an item of damages in a legal malpractice claim." *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500,

7

520 (3d Cir. 2012); *accord Bailey v. Tucker*, 621 A.2d 108, 115 (Pa. 1993) (holding that plaintiff can recover "the amount actually paid for the [negligent attorney's] services"); *Feld & Sons, Inc. v. Pechner, Dorfman, Wolfee, Rounick & Cabot*, 458 A.2d 545, 554 (Pa. Super. Ct. 1983) (holding that plaintiff can recover fees paid to the negligent attorney).

30. The Court awards plaintiff $27,500 as compensation for the legal fees and costs paid to defendants for representation of plaintiff in the underlying action.

**C. Compensatory Damages: Legal Fees Paid to Obermayer**

31. A plaintiff in a legal malpractice case is entitled to recover additional legal fees paid to replacement counsel to litigate the underlying action. *See AS Tech Int'l, LLC, v. Husick*, 676 F.Supp.2d 389, 404 (holding that plaintiffs who were forced to hire another attorney to revive their patent applications "suffered actual loss in the amount of the additional legal fees.")

32. A plaintiff in a legal malpractice action is entitled to recover attorneys' fees and expenses incurred in litigating his malpractice claim. *Post*, 691 F.3d at 520; 3 Ronald E. Mallen & Jeffrey M. Smith, Legal Malpractice § 21.6, at 22–26 (2009) (attorneys' fees incurred in legal malpractice action may be recoverable as consequential damages).

33. The Court awards plaintiff $138,130.56 as compensation for the legal fees and costs paid to Obermayer to litigate the underlying action.

34. The Court also awards plaintiff $16,292.30 as compensation for the legal fees and costs paid to Obermayer to litigate this malpractice action.

**D. Punitive Damages**

35. Plaintiff also requests an award of punitive damages. Under Pennsylvania law, a plaintiff may recover punitive damages when a defendant's conduct "is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Hutchison ex rel.*

8

*Hutchison v. Luddy*, 896 A.2d 1260, 1265 (Pa. Super. Ct. 2006); *accord Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005); *Delahanty v. First Pennsylvania Bank, N.A.*, 464 A.2d 1243, 1263 (Pa. 1983). Furthermore, a defendant's acts or omissions must be "intentional, reckless, or malicious." *Feld v. Merriam*, 485 A.2d 742, 748 (Pa. 1984). In awarding punitive damages, the Court must consider: (1) the character of the act, (2) the nature and extent of the harm, and (3) the wealth of the defendant.[1] *See, e.g.*, *Tunis Bros. Co. v. Ford Motor Co.*, 952 F.2d 715, 740 (3d Cir. 1991); *Restatement (Second) of Torts* § 908.

36. The Court concludes that an award of punitive damages is appropriate in this case on the ground that defendants' neglect of and lack of participation in the underlying action demonstrated a reckless indifference to the rights of others.

37. The Court awards plaintiff punitive damages in the amount of $100,000.

## V. CONCLUSION

The Court enters judgment in favor of plaintiff and against defendants, jointly and severally, in the total amount of $656,923, consisting of compensatory damages in the amount of $556,923 and punitive damages in the amount of $100,000.

An appropriate order follows.

---

[1] Defendants failed to enter an appearance in this case and plaintiff has presented no evidence of their wealth. However, "evidence of wealth is not mandatory to establish a claim for punitive damages." *Reading Radio, Inc. v. Fink*, 833 A.2d 199, 215 (Pa. Super. Ct. 2003).